**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 21 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CATRICE COOPER and KIMBERLY**                         **PLAINTIFFS**
**LANDY, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                          No. 4:20-cv-_74-BRW_

**ADAM GLICKMAN and**                                   **DEFENDANT**
**BASE MANAGEMENT SERVICES, LLC**
                                     This case assigned to District Judge _Wilson_
                                     and to Magistrate Judge _Harris_

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COME NOW Plaintiffs Catrice Cooper and Kimberly Landy (collectively

"Plaintiffs"), each individually and on behalf of all others similarly situated, by and

through their attorneys Lydia H. Hamlet and Josh Sanford of the Sanford Law

Firm, PLLC, and for their Original Complaint—Collective Action against Adam

Glickman and Base Management Services, LLC (collectively "Defendant" or

"Defendants"), they do hereby state and allege as follows:

## I.    JURISDICTION AND VENUE

1.    Plaintiffs, each individually and on behalf of all others similarly

situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201,

*et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-

201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, and costs, including reasonable attorneys' fees

as a result of Defendant's failure to pay Plaintiffs and all others similarly situated

a proper overtime compensation for all hours that Plaintiffs and all others similarly situated worked.

2.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.    Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

4.    Defendant conducts business within the State of Arkansas, operating and managing multi-family housing complexes throughout the state.

5.    Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6.    Plaintiffs were each employed by Defendant at one of its housing complexes located in the Central Division of the Eastern District of Arkansas.

7.    The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.    THE PARTIES

8.    Plaintiff Catrice Cooper ("Cooper") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

9.     Cooper was employed by Defendant as an hourly employee from May of 2019 until November of 2019.

10.    Plaintiff Kimberly Landy ("Landy") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

11.    Landy was employed by Defendant as an hourly employee from September of 2019 to December of 2019.

12.    At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

13.    Separate Defendant Adam Glickman ("Glickman") is an individual and domiciliary and resident of Illinois.

14.    Glickman is the owner, principal, officer and/or director of Base Management Services, LLC ("Base Management").

15.    Glickman manages and controls the day-to-day operations of Base Management, including but not limited to the decision to not pay Plaintiffs a proper overtime rate for hours worked in excess of forty (40) per week.

16.    Separate Defendant Base Management is an Illinois limited liability company.

17.    Base Management's registered agent for service is Adam Glickman, at 8033 Ridgeway Avenue, Skokie, Illinois 60076.

18.    Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

19.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

20.     During each of the three years preceding the filing of this Original Complaint, Defendant continuously employed at least four (4) employees.

## III.     FACTUAL ALLEGATIONS

21.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

22.     At all times material herein, Defendant was an "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA and the AMWA.

23.     Defendant owns and operates multifamily housing complexes in Arkansas and other states.

24.     At all times material herein, Defendant classified Cooper as non-exempt from the overtime requirements of the FLSA and paid Cooper an hourly wage.

25.     Defendant employed Cooper as an assistant property manager from May of 2019 to November of 2019.

26.     At all relevant times herein, Defendant directly hired assistant property managers to work at its housing complexes, paid them wages and benefits, controlled their work schedules, duties, protocols, applications,

assignments and employment conditions, and kept at least some records regarding their employment.

27.    Cooper's duties included collecting rent, posting evictions and marketing for Defendant, which included passing out fliers.

28.    Cooper and similarly situated employees worked in excess of forty (40) hours a week on a regular, occasional basis while working for Defendant.

29.    In addition to their hourly rate, Cooper and similarly situated employees periodically received nondiscretionary bonuses.

30.    Cooper and similarly situated employees received bonuses if they met certain objective requirements such as processing a certain number of new leases or lease renewals.

31.    These nondiscretionary bonuses were a form of compensation to Cooper and similarly situated employees.

32.    During weeks in which Cooper and similarly situated employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Cooper and similarly situated employees.

33.    Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34.     Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the nondiscretionary bonus, in the regular rate when calculating Cooper's and similarly situated employees' overtime pay.

35.     Upon information and belief, Defendant's bonus policy was the same at all of its locations

36.     At all times material herein, Landy and those similarly situated have been misclassified by Defendant as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

37.     During the period relevant to this lawsuit, Plaintiff worked as a property manager at one of Defendant's housing complexes.

38.     At all relevant times herein, Defendant directly hired property managers to work at its housing complexes, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

39.     As property managers, Landy and similarly situated employees were responsible for overseeing the other employees, doing lease paperwork, and contacting the company's lawyer as-needed for evictions.

40.     Although Defendant purported to pay Landy a salary, Defendant deducted wages from Landy's paycheck if she worked less than forty (40) hours in a week.

41. Defendant failed to pay Landy and similarly situated employees for hours worked in excess of forty (40) in a week, including failing to pay them an overtime premium for those hours as required by the FLSA.

42. At all relevant times herein, Defendants have deprived Landy and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

43. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

44. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

45. Cooper brings her FLSA claim on behalf of all other hourly-paid employees who received nondiscretionary bonuses and were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorney's fees and costs

46. Landy brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as

similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked in excess of forty per week;

    B.    Liquidated damages; and

    C.    The costs of this action, including attorney's fees.

47.    Plaintiffs propose the following collectives under the FLSA:

**All hourly employees who received a bonus which was compensation for work performed, at least in part, in any week in which the employee worked more than forty hours within the past three years ("bonus collective").**

-

**All salaried property managers in the last three years ("salaried collective").**

48.    In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50.    The proposed FLSA collective members of the bonus collective are similarly situated in that they share these traits:

    A.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

    B.    They were paid hourly rates;

    C.    They were eligible for and received a nondiscretionary bonus;

D. They worked over forty (40) hours in at least one week in which they received a nondiscretionary bonus; and

E. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

51. Cooper is unable to state the exact number of the class but believes that there are approximately twenty-five (25) other employees who worked as assistant property managers and received an improperly-calculated overtime rate due to nondiscretionary bonuses.

52. The proposed FLSA collective members of the salaried collective are similarly situated in that they share these traits:

A. Defendant purported to pay them a salary, but docked their pay if they worked less than forty (40) hours a week;

B. They were not paid for hours worked over forty (40) in a week;

C. They worked more than forty (40) hours in some weeks; and

D. They had substantially similar job duties, requirements, and pay provisions.

53. Landy is unable to state the exact number of the class but believes that there are approximately twenty-five (25) other employees who worked as property managers and were misclassified as salaried employees.

54. Defendant can readily identify the members of the Section 16(b) classes, which encompass all bonusing employees and all salaried supervisors.

55. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved

Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.   FIRST CLAIM FOR RELIEF
## (Individual Claim for Regular Rate Violation of the FLSA)

56.   Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

57.   Cooper asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58.   29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

59.   Defendant classified Cooper as non-exempt from the overtime requirements of the FLSA.

60.   Defendant violated 29 U.S.C. § 207 by not paying Cooper a proper overtime rate of compensation for all hours worked in excess of forty (40) per workweek.

61.   Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including nondiscretionary bonuses, for Cooper in her regular rate when calculating her overtime pay.

62.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

63. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Cooper for, and Cooper seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

64. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Cooper as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.    SECOND CLAIM FOR RELIEF
(Collective Action Claim for Regular Rate Violation of FLSA)

65. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

66. Cooper brings this collective action, on behalf of herself and all hourly-paid employees who were employed by Defendant and received nondiscretionary bonuses, to recover monetary damages owed by Defendant to Cooper and members of the putative collective for overtime compensation for all the hours she and they worked in excess of forty (40) each week.

67. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

68. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as nondiscretionary bonuses, given to Cooper and those similarly situated in their regular rate when calculating their overtime pay.

69.     In the past three years, Defendant has employed more than twenty-five (25) hourly-paid employees who were eligible for nondiscretionary bonuses.

70.     Upon information and belief, Cooper and all or almost all hourly-paid employees who received nondiscretionary bonuses regularly worked more than forty (40) hours in a week.

71.     Upon information and belief, Defendant failed to pay these workers at the proper overtime rate.

72.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

73.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Cooper and all those similarly situated for, and Cooper and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

74.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Cooper and all those similarly situated as provided for by the FLSA, Cooper and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate

## VII.     THRID CAUSE OF ACTION
### (Individual Claim for Misclassification Violation of the FLSA)

75.     Landy repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

76.     Landy asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

77.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

78.    At all times relevant times to this Complaint, Defendant misclassified Landy as exempt from the overtime requirements of the FLSA.

79.    Despite the entitlement of Landy to minimum wage and overtime premiums under the FLSA, Defendant failed to pay Landy an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

80.    Defendant's failure to pay Landy all overtime wages owed was willful.

81.    By reason of the unlawful acts alleged herein, Defendant is liable to Landy for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.    FOURTH CAUSE OF ACTION
### (Collective Action Claim for Misclassification Violation of the FLSA)

82.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

83.     Landy, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

84.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay 1.5x regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

85.     Despite the entitlement of Landy and those similarly situated to minimum wage and overtime premiums under the FLSA, Defendant failed to pay Landy and those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over forty (40) in each one-week period.

86.     Defendant willfully failed to pay overtime wages to Landy and to others similarly situated.

87.     By reason of the unlawful acts alleged herein, Defendant is liable to Landy and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.    FIFTH CAUSE OF ACTION
### (Individual Claim for Violations of AMWA)

88.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

89.     Plaintiffs assert these claims for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

90.     At all times relevant to this Complaint, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

91.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

92.     At all times relevant to this Complaint, Defendant failed to pay Cooper a proper overtime premium as required under the AMWA.

93.     At all times relevant to this Complaint, Defendant misclassified Landy as exempt from the overtime requirements of the AMWA.

94.     Despite the entitlement of Plaintiffs to overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

95.     Defendant's failure to pay proper overtime wages was willful.

96.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## X.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Catrice Cooper and Kimberly Landy, each individually on behalf of all others similarly situated, respectfully pray as follows:

A.     That each Defendant be summoned to appear and answer this Complaint;

B.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the AMWA;

C.     Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

D.     Judgment for liquidated damages under the FLSA and the AMWA;

E.     For a reasonable attorney's fee, costs, and pre-judgment interest; and

F.     Such other relief as this Court may deem just and proper.

Respectfully submitted,

**CATRICE COOPER and KIMBERLY LANDY, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CATRICE COOPER and KIMBERLY**          **PLAINTIFFS**
**LANDY, Each Individually and on**
**Behalf of All Others Similarly Situated**

Vs.                         No. 4:20-cv- *74-BRW*

**ADAM GLICKMAN and**                    **DEFENDANT**
**BASE MANAGEMENT SERVICES, LLC**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for Adam Glickman, Spanish Willows Multifamily, LLC, and Base Management Services, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**CATRICE COOPER**

January 21, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CATRICE COOPER and KIMBERLY**          **PLAINTIFFS**
**LANDY, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.         No. 4:20-cv-*74-BRW*

**ADAM GLICKMAN and**         **DEFENDANT**
**BASE MANAGEMENT SERVICES, LLC**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a salaried worker for Adam Glickman, Spanish Willows Multifamily, LLC, and Base Management Services, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

**KIMBERLY LANDY**

January 21, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**